**YUEYI KUANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–74836.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Catherine Y. Wong, Law Offices of Catherine Y. Wong, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., Lyle D. Jentzer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Yueyi Kuang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence. *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). We dismiss in part, and deny in part the petition for review.

We lack jurisdiction to review the determination that Kuang's application for asylum was untimely because Kuang's arrival date is an issue of disputed fact. *See* 8 U.S.C. § 1158(a)(3); *see also Ramadan v. Gonzales,* 479 F.3d 646, 657 (9th Cir.2007) (per curiam).

Substantial evidence supports the agency's finding that even if Kuang's testimony is credible, the harm she experienced in China did not rise to the level of past persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006). Furthermore, substantial evidence supports the agency's finding that Kuang failed to establish that it is more likely than not that she will be subject to persecution if she returns to China. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003). We therefore deny the petition with respect to Kuang's withholding of removal claim.

We lack jurisdiction over Kuang's CAT claim because that issue was not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**